**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

**UNITED STATES OF AMERICA,**

*Plaintiff,*

v.

**ADRIAN KEITH WILLIS,**

CAUSE NO. 3:25-CR-139-CWR-LGI

*Defendant.*

## ORDER

Before the Court is Adrian Keith Willis's motion for review of bond, Docket No. 19. For the reasons articulated below, the motion is granted. Mr. Willis shall be released from custody.

### I.    Factual and Procedural History

The United States filed a complaint against Mr. Willis on November 19, 2025, alleging that he committed aggravated sexual abuse of a child who is under the age of twelve in violation of 18 U.S.C. § 2241(c). Magistrate Judge Harris held an initial hearing the following day and remanded Willis to the custody of the U.S. Marshals Service.

On November 25, 2025, Judge Harris presided over a detention hearing for Mr. Willis. After testimony and evidence were presented, Judge Harris found that there was probable cause that Mr. Willis committed the crime. Despite determining that Mr. Willis rebutted the presumption against detention, Judge Harris denied bond. He concluded that Mr. Willis failed to demonstrate by clear and convincing evidence that there was no condition or combination of conditions of release that would reasonably assure the safety of any person and the community and Mr. Willis's appearance in court as required. Judge Harris cited five

1

reasons for detention: 1) the offense charged; 2) the weight of the evidence; 3) the lengthy period of incarceration he will have to serve if convicted; 4) Mr. Willis's history of alcohol and substance abuse; and 5) Mr. Willis's release posing serious danger to any person or the community. Judge Harris additionally found that Willis "poses a danger to the minor victim, who allegedly reported during her forensic interview that she feared the Defendant and that this prevented her from reporting prior instances of abuse." Docket No. 9 at 4.

On January 27, 2026, Mr. Willis filed a motion for review of Magistrate Judge Harris's Order denying bond. Docket No. 19.

## II.      Legal Standard

Pursuant to 18 U.S.C. § 3145(b), upon motion of the defendant, a district court may review a Magistrate Judge's detention order. In doing so, "the district court acts *de novo* and must make an independent determination of the proper pretrial detention or conditions for release." *United States v. Rueben*, 974 F.2d 580, 585 (5th Cir. 1992) (citation omitted). "Reviewing a transcript of the detention hearing is an appropriate procedure to comply with that obligation." *United States v. Jordan*, No. 3:18-CR-67-CWR-LGI-2, 2021 WL 1030996, at *4 (S.D. Miss. Mar. 17, 2021) (citations omitted); *see also United States v. Norbert*, No. 3:19-CR-50-CWR-FKB, 2020 WL 4035593, at *1 (S.D. Miss. Apr. 8, 2020).

There are several factors the Court should consider in determining whether there are conditions of release that will "reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(g). These include:

1. the nature and circumstances of the offense charged, including whether the offense involves a minor victim;

2. the weight of the evidence against the person;

3. the history and characteristics of the person, including the person's character, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

4. the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

*Id.*; *see also Rueben*, 974 F.2d at 586.

It is the Government's burden to establish by a preponderance of the evidence that the defendant "poses a serious risk of flight." *United States v. McConnell*, 842 F.2d 105, 110 (5th Cir. 1988). The Government also has the burden to prove by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community. *See* 18 U.S.C. § 3142(f)(2)(B).

Certain offenses, enumerated in 18 U.S.C. § 3142(e)(3), give rise to a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant and the safety of the community.

## III.    Discussion

The Court has reviewed the transcript of Mr. Willis's November 25, 2025, detention hearing before Judge Harris, the testimony and argument presented at the hearing, Judge Harris's order of detention, the pretrial services report, the instant briefing, and arguments on the motion. In accordance with 18 U.S.C. § 3142(g), this Court will discuss each factor in turn.

### A.  Nature and Circumstances of the Charged Offense

Mr. Willis is alleged to have sexually assaulted a minor child. The minor victim also disclosed that Mr. Willis sexually her four to five times within a two-week period. These are

serious allegations. Given the nature and circumstances of the charged offense, this is a presumption case under 18 U.S.C. § 3142(e)(3)(E).

Presumptions, however, can be rebutted.[1]

### B.  Weight of the Government's Evidence

At the detention hearing, the government presented testimony from Investigator Jakob Waiter of the Choctaw Police Department. Investigator Waiter recounted the narrative of Meshi Thomas, the mother of the victim, whose interview he observed.[2] According to Investigator Waiter, Thomas witnessed Mr. Willis sexually assaulting the minor victim. Investigator Waiter also testified that he observed the forensic interview of the minor victim. In that interview, the victim described being sexually assaulted multiple times by Mr. Willis.

Mr. Willis, however, raises legitimate questions surrounding Investigator Waiter's hearsay testimony and the credibility of the victim's mother, with whom Mr. Willis was in an on-again, off-again relationship. Additionally, there was a sexual kit administered to the victim, but the parties agree that Mr. Willis's DNA was not found to be present. This factor slightly favors release.

### C.  History and Characteristics of the Person

Mr. Willis does not have a criminal history beyond traffic tickets. Prior to his arrest, he was employed at the Golden Moon Hotel and Casino. Mr. Willis has strong ties to the community, and he also has family members who have agreed to serve as third-party custodians. Mr. Willis has failed to appear for prior traffic offenses, but the Court notes that those instances all occurred over a decade ago. Mr. Willis, additionally, complied with the

---

[1] Judge Harris also found that Mr. Willis rebutted the presumption. Docket No. 9 at 2.

[2] Investigator Waiter did not participate firsthand in either the interview with the mother of the minor victim or the interview with the minor victim.

request to be interviewed by law enforcement in this case, which supports that he will appear as requested. This factor strongly favors release.

### D. Nature and Seriousness of the Danger Posed by the Person's Release

The allegations do convince the Court that the minor victim and her mother could be in danger if Mr. Willis is released. The Court, however, believes that there are conditions—such as electronic monitoring, location restrictions, curfew, and third-party custodians—that can reasonably protect the public, minor victim, and the mother of the victim. This factor favors release.

## IV.    Conclusion

Mr. Willis's motion to revoke or amend the Magistrate Judge's detention order, Docket No. 19, is granted. The parties are directed to confer with one another, consult with the United States Probation Office, and then provide a proposed order of release to the Court by 5:00pm on April 27, 2026.

**SO ORDERED**, this the 24th day of April, 2026.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE