**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**UNITED STATES OF AMERICA,**

*Plaintiff,*

v.

**ADRIAN KEITH WILLIS,**

*Defendant.*

CAUSE NO. 3:25-CR-139-CWR-LGI

## ORDER

Before the Court are the Government's motions in *limine*, Docket Nos. 26, 27, 28, and 29. For the reasons articulated below, the Government's second and third motions, Docket Nos. 27 and 28, are granted. The Government's first and fourth motions, Docket Nos. 26 and 29, are denied.

The Government requests authorization of a supplemental questionnaire to the jury to ensure the selection of a fair and impartial jury. Docket No. 26. The Defendant in this matter, Mr. Adrian Keith Willis, is charged with aggravated sexual abuse of a child under the age of 12 years old. Given the sensitive nature of the indictment, the Government seeks to ask jurors supplemental questions that specifically address the issue of child molestation. The Government asserts that such a questionnaire would minimize potential embarrassment that prospective jurors may feel when answering questions about their personal experiences and/or views of child molestation. The Court finds that a supplemental questionnaire is unnecessary. Under Fed. R. Crim. P. 24(a)(2)(A), this Court permits the parties to ask relevant questions of prospective jurors, which in this matter would include questions about child molestation. The Court, too, reserves the right to ask questions. In addition, the Court takes

1

the additional step of asking any questions counsel choose to submit to the Court that counsel believe ought to be asked by the Court rather than counsel.  It is also the practice of this Court to allow prospective jurors to answer any questions at sidebar outside the presence of the venire and the public. That is sufficient to ensure that prospective jurors do not experience embarrassment. The Government's motion, Docket No. 26, is denied.

The Government requests permission to use portions of transcripts that correspond with matching clips of audio and video recordings from the Choctaw Health Center, Choctaw Police Department, and Choctaw Children's Advocacy Center. Docket No. 27. The use of transcripts is appropriate as an aid to the jury. The Court, however, will not admit transcripts as substantive evidence. *See, e.g.*, *United States v. Jordan*, No. 3:18-CR-67-CWR-LGI, 2024 WL 150591, at *2 n. 1 (S.D. Miss. Jan. 12, 2024). The Government's motion, Docket No. 27, is granted.[1]

The Government, pursuant to Fed. R. Crim. P. 414(b), provides notice of its intention to use evidence of the Defendant's commission of other child molestation offenses during its case-in-chief. Docket Nos. 28 and 29.[2] To admit evidence under Rule 414, "the district court must make a preliminary finding that a jury could reasonably find by a preponderance of the evidence that the defendant committed the other act and that it constituted" an offense of child molestation. *United States v. Dillon*, 532 F.3d. 379, 387 (5th Cir. 2008) (discussing the standard under Rule 413, Similar Crimes in Sexual-Assault Cases, which is worded similarly

---

[1] Mr. Willis raises three objections in his response. Docket No. 31 at 4. The Court defers ruling on those issues until trial; Mr. Willis may raise them at trial.

[2] In Docket No. 29, the Government amends Docket No. 28 to include additional past offenses of child molestation.

to Rule 414, Similar Crimes in Child Molestation Cases). Admissible evidence under Rule 414 is still subject to the Rule 403 balancing test. *Id*.

According to the Government, the minor victim in this case informed the forensic interviewer that Mr. Willis assaulted her four to five times within the two-week period prior to the date of the offense charged. The nature and circumstances of these prior acts directly parallel the present allegations against Mr. Willis. The Court finds that a jury could find by a preponderance of the evidence that Mr. Willis committed these other acts of child molestation. The Court further finds that evidence of these prior acts survives Rule 403. This evidence is "subject to cross-examination and rebuttal, and the … [C]ourt [can] instruct[] the jury that [Willis] c[an] be convicted only based upon the act[] alleged and the crime[] charged." *United States v. Bailes*, 665 F. App'x 340, 342 (5th Cir. 2016). The Government's motion, Docket No. 28, is granted.

The Government also seeks to introduce evidence that Mr. Willis sexually assaulted a different minor two times in October of 2000. Docket No. 29. While this evidence may be permissible under Rule 414, it does not survive Rule 403. This allegation occurred over 25 years ago, and the Court finds that any probative value is substantially outweighed by the prejudicial effect of admitting the evidence. *See Dillon*, 532 F.3d at 391 (finding that allegations of sexual assault should be excluded, in part, because they "were remote in time"). The Government's motion, Docket No. 29, is denied as it relates to introducing the evidence of child molestation offenses from 2000.

**SO ORDERED**, this the 24th day of April, 2026.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE